**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0408-18T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JARED S. VOUGHS,

      Defendant-Appellant.

_____

Submitted January 30, 2020 – Decided February 14, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 12-03-0665.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Kevin Jay Hein, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Jared S. Voughs, appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Jonathan Acevedo and others were selling drugs on a street corner in Camden when defendant, brandishing a gun, robbed them and fled on foot. Acevedo pursued defendant, apparently believing the gun was not real. Defendant suddenly turned around and fired, striking Acevedo in the head and killing him. Defendant fled the scene in a car driven by a woman. An investigation lead to defendant's arrest six weeks later.

Defendant was indicted for murder, N.J.S.A. 2C:11-3(a)(1); felony murder, N.J.S.A. 2C:11-3(a)(3); robbery, N.J.S.A. 2C:15-1; aggravated assault, N.J.S.A. 2C:12-1(b)(4); possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and hindering apprehension, N.J.S.A. 2C:29-3(b)(1). He pleaded guilty to an amended count of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a). The Wade[1] hearing scheduled for that day was withdrawn by his defense counsel.

---

[1] United States v. Wade, 388 U.S. 218 (1967).

A-0408-18T3

Defendant was sentenced to a term of twenty-two years, subject to an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2(d). In sentencing defendant, the trial court found aggravating factor nine,[2] the need to deter. It also found mitigating factor seven,[3] noting defendant had "no prior contact with the [c]ourt [s]ystem," and this was defendant's first indictable offense. In weighing these factors, the court found "the aggravating factors preponderate over the mitigating factors." The court dismissed the remaining counts of the indictment.

Defendant appealed his sentence. We heard the appeal on the Excessive Sentence Oral Argument calendar and affirmed, finding the sentence was "not manifestly excessive or unduly punitive and does not constitute an abuse of discretion." State v. Voughs, No. A-0252-16 (App. Div. Dec. 14, 2016). The order provided "the standards for sentencing to a term appropriate to a crime one degree lower" were not met. Ibid.

Defendant filed a PCR petition alleging ineffective assistance of counsel. It was amended and supplemented by his counsel's brief and appendix. Defendant's certification in support of his PCR petition alleged that when he

---

[2] N.J.S.A. 2C:44-1(a)(9).

[3] N.J.S.A. 2C:44-1(b)(7).

3

appeared in court, he "had decided to accept a plea bargain offered by the state." According to defendant, he discussed this with his attorney who advised him to accept the offer. Defendant alleged he learned then that "there was a motion pending that concerned an out of court identification of [him]." Defendant claimed he did not have a copy of the motion. He also alleged his attorney did not discuss it with him before he withdrew the motion.[4]

Defendant also certified that no one from his attorney's office "discussed the possibility of presenting mitigation evidence to the court in consideration of [his] sentence." He alleges that had he known he could submit this evidence, he would have assisted his counsel in obtaining it. He also alleges his counsel did not make any argument to the court in mitigation of his sentence. He certified he was active in his church and community, and never had any involvement in the criminal justice system. Defendant requested an evidentiary hearing.

The PCR court denied defendant's petition on August 20, 2018, rejecting his claim that his attorney's performance was constitutionally deficient or that defendant was prejudiced in his treatment of mitigating factors.

---

[4] Defendant's Wade motion contended that the witnesses to the crime described the assailant as a light skinned black male, but the photo array included "multiple dark-skinned black males." Defendant argued this made the photo array highly suggestive.

The PCR court rejected defendant's claim he received ineffective assistance of counsel by withdrawing the <u>Wade</u> motion. Defendant's arguments were contrary to what he said at the plea hearing. In addition, the PCR court found there was little likelihood of success on the merits because counsel's performance was within the standard of reasonable professional assistance. The photo array was not "highly suggestive." Defendant had not shown a probability that the result of the proceeding would have been different. The PCR court found defendant had not presented a prima facie claim of ineffective assistance of counsel, and denied his request for an evidentiary hearing.

Defendant presents the following issue on appeal:

> MR. VOUGHS IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE ADEQUATELY AT SENTENCING AND FOR WAIVING A PRETRIAL SUPPRESSION MOTION.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing

5

both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In the plea bargain context, "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial[,]'" State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)), and that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Defendant has not alleged he would not have pleaded guilty but for the alleged ineffective assistance.

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland-Fritz test for the reasons set forth in the PCR court's comprehensive oral decision. We add only a few brief comments.

Defendant argues that his attorney waived his right to a hearing on the Wade motion by withdrawing it without first discussing it with him.  He argues he did not make an informed decision about the withdrawal of this motion.

Defendant's allegations are supported only by self-serving assertions and bare allegations.  See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  ("[A] petitioner must do more than make bald assertions that he was denied the effective assistance of counsel.").  In fact, they are inconsistent with statements he made under oath when pleading guilty.  At the hearing, defendant assured the court he understood he was withdrawing the Wade motion.

> Q.  Your attorney . . . has told the [c]ourt, first that today is the return date on the motion for a Wade hearing.  Do you understand that, sir?
>
> A.  Yes.
>
> Q.  And you understand what that hearing would be is whether or not the identification procedure used in this case was suggestive, and if it is, whether or not it would cause a very substantial likelihood of misidentification.  Do you understand that, sir?
>
> A.  Yes.
>
> Q.  Now [it is] my understanding you've discussed all this with [your attorney], and as part of this agreement, you wish to withdraw that motion and proceed with a guilty plea.  Is that correct, sir?
>
> A.  Yes.

A-0408-18T3

Q. Did anyone force you to make that decision?

A. No.

Q. Anybody threaten you in any way?

A. No.

Q. Is it your voluntary decision at this time to withdraw the motion and proceed with the plea. Is that correct, sir?

A. Yes.

Q. Okay. Now have you had enough time to discuss the matter with your attorney?

A. Yes.

Q. Did [he] answer all your questions?

A. Yes.

Q. Are you satisfied with his services to you, sir?

A. Yes.

Defendant's unsupported assertions now that his attorney did not discuss this with him are simply inadequate to provide post-judgment relief.[5]

---

[5] Defendant's <u>Wade</u> motion rested on an alleged difference in the complexions of the men in the photo array. Defendant did not rebut the State's claim that each witness was advised pursuant to the Attorney General's guidelines that photographs may be lighter or darker and do not always show the true complexion of a person.

A-0408-18T3

Defendant argues that he received ineffective assistance of counsel at his sentencing by another attorney from the same law firm. Defendant contends his attorney should have raised mitigating factors seven, eight and nine at the sentencing hearing because he did not have a prior criminal record or a violent past and he was unlikely to commit another offense. He also argues his attorney did not highlight that members of his church sent letters on his behalf.

Defendant was sentenced in accord with the negotiated plea agreement. A presumption of reasonableness attaches to the sentence. State v. S.C., 289 N.J. Super. 61, 71 (App. Div. 1996). The sentencing court had the letters from his church members and the presentence report. His defense attorney argued at sentencing that defendant was "remorseful" and a young man. He advised the judge that defendant's family was present in the courtroom and supported him. He contended the offense was an "aberration in his short life." Defendant had no prior convictions or arrests except for one that had been dismissed. Counsel asked the judge that all of those factors be taken into consideration.

The trial court considered this information. It found aggravating factor nine—the need to deter defendant and others. It also found mitigating factor seven—no history of prior delinquency or criminal activity—noting that defendant had "no prior contact with the [c]ourt [s]ystem" and this was

defendant's first indictable offense. In weighing these factors, the court found "the aggravating factors preponderate over the mitigating factors."

Defendant was sentenced to what he bargained for and that reduced his sentencing exposure. All of the mitigating information he claims was relevant was brought to the trial court's attention prior to sentencing. We agree with the trial court that defendant did not show constitutionally deficient performance by his attorney nor prejudice.

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland-Fritz test. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0408-18T3